**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00259-CR**
_____

**DARRELL WAYNE LANG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. 22DC-CR-00186**

**MEMORANDUM OPINION**

A grand jury indicted Appellant Darrell Wayne Lang for the first-degree felony offense of continuous sexual abuse of a child. *See* Tex. Penal Code Ann. § 21.02(b). After a trial, the jury found Lang guilty, and he elected to have the trial court assess punishment. The trial court sentenced him to life and ordered that the sentence run consecutively to his prior sentences from the Montgomery County cases in which he pled guilty to child pornography charges. We affirm the trial court's judgment.

1

Lang's appellate counsel filed an *Anders* brief presenting counsel's professional evaluation of the record and concluding that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807, 811, 813 (Tex. Crim. App. 1978) (outlining frivolous brief procedure in contested cases). On December 20, 2024, after Lang's counsel filed his brief, we granted an extension of time for Lang to file a pro se brief in response. Lang has not filed a response.

The Court of Criminal Appeals has held that we need not address the merits of issues raised in an *Anders* brief. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Rather, an appellate court may determine: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and have found no reversible error, and we conclude the appeal is wholly frivolous. *See Bledsoe*, 178 S.W.3d at 827–28. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the

2

appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on July 14, 2025
Opinion Delivered July 8, 2026
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[1]Lang may challenge our decision by filing a petition for discretionary review. *See* Tex. R. App. P. 68.